IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CRAYTON ADMINISTRATIVE
TRUST, by and through Trustee,
Larry Darnell Crayton

           Plaintiff,

v.                                           Case No. 25-1175-JWB

THE BOEING COMPANY
EMPLOYEE BENEFIT PLAN, and
BANK OF AMERICA, N.A.,

           Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Magistrate Judge Gwynne E. Birzer's report & recommendation ("R&R") explaining that Plaintiff is not entitled to in forma pauperis ("IFP") status and may not proceed pro se. (Doc. 11.) Also before the court is Plaintiff's "Special Motion to Activate Docket, Set Hearing, and Demand Equity Trial," notice of "Pattern of Suppression, Bias, and Obstruction of Remedy," notice of "Tender for Filing," a demand "for Bond and Oath of Office," and an "Equity Petition for Trust Protection and Fiduciary Rebuttal." (Docs. 13, 14, 15, 16, 17.) To the extent Plaintiff moves the court to do anything in these filings, those requests are DENIED. After review, the court ADOPTS the R&R. Therefore, Plaintiff's request to proceed IFP (Doc. 3) is DENIED. For the reasons below, the Court hereby ORDERS Plaintiff to pay the filing fee and obtain counsel who enters an appearance in this matter within 14 days or this lawsuit will be dismissed.

Larry Darnell Crayton claims he is the trustee of Plaintiff Crayton Administrative Trust. (Doc. 1 at 3.) Plaintiff brings the instant lawsuit alleging that Defendants withheld "ERISA plan

benefits and related damages" that Plaintiff is entitled to. (*Id.*)  Plaintiff moved this court to proceed without paying the filing fee. (Doc. 3.)  The magistrate judge entered an R&R recommending that: (1) Plaintiff be made to pay the filing fee as only natural persons may proceed IFP and (2) that Plaintiff obtain counsel because Mr. Crayton is not a lawyer and may not represent a trust. (Doc. 11 at 3-4.)  Plaintiff had 14 days to object to the R&R.  Plaintiff responded with, as described above, a flurry of filings; none of those filings are explicitly labeled as an objection. (Docs. 13, 14, 15, 16, 17.)  Additionally, only the "Notice of Tender" was received within the 14-day window allotted to Plaintiff.[1]  (Doc. 13.)

On a dispositive matter the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  A failure to properly object, however, leaves a party with no entitlement to appellate review, and allows the district court to review the R&R under any standard it deems appropriate. *See Williams v. United States*, No. 19-2476-JAR-JPO, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) (citing *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)) ("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court . . .'").

The court does not believe that Plaintiff has properly objected in this matter.  None of the post-R&R filings are styled as an objection nor raise cognizable objections to the logic of the R&R.  Despite only one of the filings being timely, the court has reviewed all of the post-R&R filings and considers them frivolous.

---

[1] Plaintiff received the magistrate judge's R&R via mail on September 20, 2025. (Doc. 12.)  The court received Plaintiff's "Tender for Filing" on September 25, 2025.  All other filings were received after October 4, 2025, which was Plaintiff's objection deadline. (Docs. 14-17.)

Still even if the objections were proper, on de novo review, this court agrees with the magistrate judge that Plaintiff cannot proceed IFP as only natural persons qualify for relief from paying the filing fee. The Supreme Court has been explicit on the matter. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 196 (1993) ("Here, we are asked to decide whether the term "person" as so used applies to the artificial entities listed in the definition of that term contained in 1 U.S.C. § 1. We hold that it does not, so that only a natural person may qualify for treatment in forma pauperis under § 1915.") (emphasis in original). Plaintiff has explicitly stated in the amended complaint that it is a "private trust, not a . . . natural person." (Doc. 10 at 2.) As a result, Plaintiff's motion to proceed IFP (Doc. 3) is denied.

Second, the magistrate judge's recommendation to order Plaintiff to procure counsel to prosecute the case is also proper. Only natural persons may proceed pro se in federal court. *Rowland*, 506 U.S. at 201-02 ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel . . . As the courts have recognized, the rationale for that rule applies equally to all artificial entities. Thus, save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."). Because Plaintiff has admitted it is not a natural person and there is nothing to suggest Mr. Crayton is a licensed attorney, Mr. Crayton may not represent Plaintiff in this matter.

Accordingly, the court ADOPTS the magistrate judge's R&R and ORDERS Plaintiff to obtain counsel who enters an appearance in this case and pay the filing fee within 14 days. Failure to do so will result in this case being dismissed.

IT IS SO ORDERED. Dated this 14th day of November, 2025.

                                                                         s/ John W. Broomes  
                                                                         JOHN W. BROOMES  
                                                                         CHIEF UNITED STATES DISTRICT JUDGE